UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MONTRELL K. MORRIS,

        Petitioner,

        v.                                      Case No. 13-C-202

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER
DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE

On February 25, 2013, Montrell K. Morris seeks to vacate his February 24, 2012, judgment of conviction under 28 U.S.C. § 2255. Morris pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 46 months of imprisonment. He did not appeal. Now, Morris claims that his conviction was in violation of the Tenth Amendment as well as the Ex Post Facto Clause of the United States Constitution, and that counsel was ineffective for failing to raise these arguments prior to the entry of his plea. For the reasons set forth below, Morris' motion will be denied.

Relief under § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–634, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Indeed, a § 2255 petition can't substitute for an appeal or advance arguments that could have been made earlier. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). Neither of Morris' constitutional arguments were raised on direct appeal.

Nevertheless, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). To prevail on his claim of ineffective assistance of counsel, Morris must show (1) that his attorney's performance was objectively unreasonable in its deficiency such that he was denied the counsel guaranteed by the Sixth Amendment, and (2) that this deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996). Morris must make a showing on both prongs to avoid dismissal. *Jones*, 76 F.3d at 840.

On the first prong, judicial scrutiny of the attorney's performance must be "highly deferential" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quoting *Strickland v. Washington*, 466 U.S. at 689). An attorney's duty isn't to raise every conceivable defense or obstruction, for a "lawyer has an obligation to be truthful and forthright with the court, [and] he has no duty to make a frivolous argument." *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Meanwhile, to show prejudice under the second prong, Morris must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Jones*, 76 F.3d at 840.

Morris argues that counsel should have challenged this court's jurisdiction because "§ 922(g)(1) impinges upon the State of Wisconsin's Tenth Amendment sovereign criminal

2

jurisdiction to either charge or not charge a felon of that offense under Wisconsin Statute § 941.29 after a local police arrest." He submits that the state prosecutor dropped the charges against him prior to the federal indictment under § 922(g)(1) and that counsel should have argued that the application of § 922(g)(1) violated the Constitution's Ex Post Facto Clause, Art. I, § 9, cl. 3, because the statute has been used where there has been innocent firearm and ammunition travel. Morris goes on to assert that he is actually innocent "by Constitutional establishment." (Doc. 2 at 8.)

Here, counsel cannot be ineffective for failing to raise arguments squarely rejected by this circuit. *See United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001). In *United States v. Wilson*, the Seventh Circuit Court of Appeals wrote:

> As for the Tenth Amendment, it provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Contrary to Wilson's suggestion, § 922(g)(1) does not violate the Tenth Amendment for two reasons. First, because, as discussed above, § 922(g)(1) "reflects a valid exercise of the federal power to regulate interstate commerce," Congress has not "intrud[ed] upon an area of authority reserved to the States." *Gillespie v. City of Indianapolis*, 185 F.3d 693, 706 (7th Cir.1999). Second, § 922(g)(1) in no way commandeers the States or their officials in order to advance a federal mandate. *See id.* at 707-08.

118 Fed. Appx. 974, 976 (7th Cir. 2004.) Similarly, the Seventh Circuit has rejected the argument that § 922(g)(9) violates the Ex Post Facto Clause. *Hemmings*, 258 F.3d at 594. Indeed, "a law is not retroactive simply because it 'draws upon antecedent facts for its operation.'" *Id.* (quoting *Cox v. Hart,* 260 U.S. 427, 435, 43 S. Ct. 154, 67 L. Ed. 332 (1992)).

In his plea agreement, Morris admitted to possessing the firearm on or about July 1, 2011 – long after the enactment of the statute. Because there is no controlling legal authority to the contrary, Morris cannot satisfy the two prongs of *Strickland.*

3

As a final matter, this court denies a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing standard is met when reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983). Inasmuch as the constitutional arguments raised by Morris have been squarely rejected by the Seventh Circuit, this court declines to issue a certificate of appealability.

Now, therefore,

IT IS ORDERED that Montrell Morris' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is denied.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE
